Exhibit A

<table>
<tr><td>DISTRICT COURT, DENVER COUNTY, COLORADO<br>Denver City and County Building<br>1437 Bannock Street<br>Denver, CO 80202<br>Main telephone: 303-606-2300</td><td rowspan="2">DATE FILED<br>July 24, 2024 4:58 PM<br>FILING ID: A7767A8264C16<br>CASE NUMBER: 2024CV32261<br><br><br>▲COURT USE ONLY▲</td></tr>
<tr><td>Plaintiff: DEBORAH KATZ<br><br>v.<br><br>Defendants: WAL-MART REAL ESTATE BUSINESS TRUST, WALMART, INC., WAL-MART, WAL-MART SUPERCENTER #, WAL-MART SUPERCENTER, WAL-MART STORES EAST I, LP, WAL-MART TRANSPORTATION, LLC and ALFF CONSTRUCTION, LLC.</td></tr>
<tr><td>Attorneys for Plaintiff:<br>Nathan T. Mattison, #38627<br>Jimoh Yussuf, #51443<br>Law Offices of Dianne Sawaya, LLC<br>4500 Cherry Creek Drive South, Suite 1030<br>Denver, CO 80246<br>Phone Number: (303) 758-4777<br>Fax Number: (303) 758-4779<br>E-mail: nmattison@dlslawfirm.com<br>jyussuf@dlslawfirm.com</td><td>Case Number:<br><br>Division:</td></tr>
<tr><td colspan="2" align="center">COMPLAINT</td></tr>
</table>

Plaintiff, Deborah Katz ("Plaintiff"), by and through counsel, for her Complaint against the Defendants [(1) Wal-Mart Real Estate Business Trust, (2) Walmart Inc, (3) WAL-MART, (4) WAL-MART Supercenter # and WAL-MART Supercenter, (5) Wal-Mart Stores East I, LP, (5) Wal-Mart Transportation, LLC and (6) ALFF Construction LLC (collectively hereinafter "Defendants"), states and alleges as follows.

## I. PARTIES

### A. Plaintiff

1. Upon information and belief, at all relevant times, Deborah Katz (hereinafter "Plaintiff" or "Ms. Katz") was and is a resident of the State of Nevada, with an address in Las Vegas, Nevada.

**B. Defendant Wal-Mart Real Estate Business Trust ("Defendant Wal-Mart REBT")**

2. Upon information and belief, at all relevant times, Defendant Wal-Mart Real Estate Business Trust (hereinafter "Wal-Mart REBT") was a foreign corporation, formed in Delaware, with its principal place of business's street address located at 702 SW 8th St., Bentonville, AR 72716, who is the titled owner of the real property, with a street address of 7800 E. Smith Road, Denver, CO (the "Property").

3. Upon information and belief, at all times relevant, the Property was owned and/or operated by Defendant Wal-Mart REBT.

4. Upon information and belief, at all relevant times, Defendant Walmart REBT was doing business in Colorado, including the business activities of owning and/or operating, maintaining, managing and/or otherwise overseeing the conditions of the Wal-Mart Supercenter #3533, located on the Property.

5. Upon information and belief, at all relevant times, Defendant Wal-Mart REBT was an entity which owned and/or operated Wal-Mart Supercenter #3533, a large-scale retail store, on the Property, with a physical address of 7800 Smith Road, Denver, CO 80207.

6. Upon information and belief, at all relevant times, the Denver County Assessor's office lists Defendant Walmart REBT as the owner of the Property, with schedule/parcel number 0121301020000 number and an address of 7800 E Smith Road.

7. Upon information and belief Defendant Wal-Mart REBT was an entity which was registered with the Colorado Secretary of State and was authorized to do business in Colorado.

8. Defendant Wal-Mart REBT's registered agent and for whom service of process may be accepted is CT Corporation System located at 7700 E Arapahoe Rd., Suite 220, Centennial, CO 80112.

9. Upon information and belief, at all relevant times, Defendant Wal-Mart REBT has made express and implied representations that the public is requested, expected, or intended to enter or remain on the Property.

10. Specifically, Plaintiff entered the Property to have her vehicle maintenance completed at the Wal-Mart Automotive Service center, part of the Wal-Mart Supercenter #3533 located on the Property, at the time of injury.

11. Upon information and belief, Defendant Wal-Mart REBT was responsible for the presence of any dangerous conditions on the Property at the time of Plaintiff's injuries.

**C. Walmart Inc. ("Defendant Walmart Inc.")**

12. Upon information and belief, at all relevant times, Defendant Walmart Inc. (hereinafter "Defendant Walmart Inc.") was a foreign corporation, formed in Delaware, with its principal office street address located at 702 SW 8th St., Bentonville, AR 72716.

13. Upon information and belief, at all relevant times, Defendant Walmart Inc. was an entity which was registered with the Colorado Secretary of State and was authorized to do business in Colorado.

14. Upon information and belief, at all relevant times, Defendant Walmart Inc.'s registered agent was CT Corporation System located at 7700 E Arapahoe Rd., Ste 220, Centennial, CO 80112.

15. Upon information and belief, at all relevant times, Defendant Walmart Inc. was an entity which owned and operated Wal-Mart Supercenter #3533, a large-scale retail store, on the Property, with a physical address of 7800 Smith Road, Denver, CO 80207.

16. Upon information and belief, at all relevant times, Defendant Walmart Inc. was doing business in Colorado, including the business activities of owning and/or operating, maintaining, managing and/or otherwise overseeing the conditions of the Wal-Mart Supercenter #3533, located on the Property.

17. Upon information and belief, at all relevant times, Defendant Walmart Inc. has made express and implied representations that the public is requested, expected, or intended to enter or remain on the Property.

18. Specifically, Plaintiff entered the Property to have her vehicle maintenance completed at the Wal-Mart Automotive Service center, part of the Wal-Mart Supercenter #3533 located on the Property, at the time of injury.

19. Upon information and belief, at all relevant times, Defendant Walmart Inc. was doing business in Colorado, including the business activities of maintaining, managing and/or otherwise overseeing the conditions of the Property.

20. Upon information and belief, at all relevant times, Defendant Walmart Inc.'s business activities in Colorado included performing such activities regarding the Property.

21. Upon information and belief, Defendant Walmart Inc. was responsible for the presence of any dangerous conditions on the Property at the time of Plaintiff's injuries.

**D. Defendant WAL-MART (Defendant WAL-MART)**

22. Upon information and belief, at all times relevant hereto, Defendant WAL-MART, was a trade name registered within the State of Colorado.

Exhibit A

23. Upon information and belief, at all relevant times, Defendant WAL-MART was owned and/or operated by Defendant Walmart Inc.

24. Upon information and belief, at all times relevant, Defendant Walmart Inc. was doing business under (or additionally by) the trade name of Defendant WAL-MART.

25. Upon information and belief, at all relevant times, Defendant Walmart Inc. was an entity which was registered with the Colorado Secretary of State and was authorized to do business in Colorado.

26. Upon information and belief, at all relevant times, Defendant Walmart Inc. was a foreign corporation, formed in Delaware, with its principal place of business's street address located at 702 SW 8th St., Bentonville, AR 72716.

27. Upon information and belief, Defendant Walmart Inc.'s registered agent and for whom service of process may be accepted is CT Corporation System located at 7700 E Arapahoe Rd., Ste 220, Centennial, CO 80112.

28. Upon information and belief, at all relevant times, Defendant WAL-MART was doing business in Colorado, including the business activities of owning and/or operating, maintaining, managing and/or otherwise overseeing the conditions of the Wal-Mart Supercenter #3533, on the Property.

29. Upon information and belief, at all relevant times, Defendant WAL-MART has made express and implied representations that the public is requested, expected, or intended to enter or remain on the Property.

30. Specifically, Plaintiff entered the Property to have her vehicle maintenance completed at the Wal-Mart Automotive Service center, part of the Wal-Mart Supercenter #3533 located on the Property, at the time of injury.

31. Upon information and belief, at all relevant times, Defendant WAL-MART's business activities in Colorado included performing such activities regarding the Property.

**E. <u>Defendants WAL-MART Supercenter # and WAL-MART Supercenter (collectively Defendants WAL-MART Supercenters)</u>**

32. Upon information and belief, at all relevant times, Defendant WAL-MART Supercenter # was a trade name registered within the State of Colorado.

33. Upon information and belief, at all relevant times, Defendant WAL-MART Supercenter was a trade name registered within the State of Colorado.

34. Upon information and belief, at all relevant times, Defendant WAL-MART Supercenter # and WAL-MART Supercenter (hereinafter collectively WAL-MART Supercenters) were owned and/or operated by Defendant Walmart Inc.

35. Upon information and belief, at all times relevant, Defendant Walmart Inc. was doing business under (or additionally by) the trade names of Defendants WAL-MART Supercenters.

36. Upon information and belief, at all relevant times, Defendant Walmart Inc. was an entity which was registered with the Colorado Secretary of State and was authorized to do business in Colorado.

37. Upon information and belief, at all relevant times, Defendant Walmart Inc. was a foreign corporation, formed in Delaware, with its principal place of business's street address located at 702 SW 8th St., Bentonville, AR 72716.

38. Upon information and belief, Defendant Walmart Inc.'s registered agent and for whom service of process may be accepted is CT Corporation System located at 7700 E Arapahoe Rd., Ste 220, Centennial, CO 80112.

39. Upon information and belief, at all relevant times, Defendant WAL-MART Supercenter was doing business in Colorado, including the business activities of owning and/or operating, maintaining, managing and/or otherwise overseeing the conditions of the Wal-Mart Supercenter #3533, located on the Property.

40. Upon information and belief, at all relevant times, Defendant WAL-MART Supercenter has made express and implied representations that the public is requested, expected, or intended to enter or remain on the Property.

41. Specifically, Plaintiff entered the Property to have her vehicle maintenance completed at the Wal-Mart Automotive Service center, part of the Wal-Mart Supercenter #3533 located on the Property, at the time of injury.

42. Upon information and belief, at all relevant times, Defendant WAL-MART Supercenter's business activities in Colorado included performing such activities regarding the Property.

**F. <u>WAL-MART Stores East I, LP (Defendant WAL-MART EAST)</u>**

43. Upon information and belief, at all relevant times, Defendant WAL-MART Stores East I, LP (hereinafter "WAL-MART East") was a foreign limited liability partnership, formed in Delaware, with its principal place of business's street address located at 702 SW 8th St., Bentonville, AR 72716.

44. Upon information and belief, at all times relevant, the Property was owned and/or operated by Defendant WAL-MART East.

45. Upon information and belief, at all relevant times, Defendant WAL-MART East was doing business in Colorado, including the business activities of owning and/or operating,

maintaining, managing and/or otherwise overseeing the conditions of the Wal-Mart Supercenter #3533, located on the Property.

46. Upon information and belief, at all relevant times, Defendant WAL-MART East was an entity which owned and/or operated Wal-Mart Supercenter #3533, a large-scale retail store, on the Property, with a physical address of 7800 Smith Road, Denver, CO 80207.

47. Upon information and belief Defendant WAL-MART East was an entity which was registered with the Colorado Secretary of State and was authorized to do business in Colorado.

48. Defendant WAL-MART East's registered agent and for whom service of process may be accepted is CT Corporation System located at 7700 E Arapahoe Rd., Suite 220, Centennial, CO 80112.

49. Upon information and belief, at all relevant times, Defendant WAL-MART East has made express and implied representations that the public is requested, expected, or intended to enter or remain on the Property.

50. Specifically, Plaintiff entered the Property to have her vehicle maintenance completed at the Wal-Mart Automotive Service center, part of the Wal-Mart Supercenter #3533 located on the Property, at the time of injury.

51. Upon information and belief, Defendant WAL-MART East was responsible for the presence of any dangerous conditions on the Property at the time of Plaintiff's injuries.

**G. <u>WAL-MART Transportation LLC (Defendant WAL-MART Transportation)</u>**

52. Upon information and belief, at all relevant times, Defendant Wal-Mart Transportation LLC (hereinafter "Wal-Mart Transportation") was a foreign limited liability company, formed in Delaware, with its principal place of business's street address located at 702 SW 8th St., Bentonville, AR 72716.

53. Upon information and belief, at all relevant times, Defendant Wal-Mart Transportation was an entity which owned and/or operated Wal-Mart Supercenter #3533, a large-scale retail store, on the Property, with a physical address of 7800 Smith Road, Denver, CO 80207.

54. Upon information and belief Defendant Wal-Mart REBT was an entity which was registered with the Colorado Secretary of State and was authorized to do business in Colorado.

55. Defendant Wal-Mart REBT's registered agent and for whom service of process may be accepted is CT Corporation System located at 7700 E Arapahoe Rd., Suite 220, Centennial, CO 80112.

56. Upon information and belief, at all relevant times, Defendant WAL-MART Transportation was doing business in Colorado, including the business activities of owning and/or

operating, maintaining, managing and/or otherwise overseeing the conditions of the Wal-Mart Supercenter #3533, located on the Property.

57. Upon information and belief, at all relevant times, Defendant WAL-MART Transportation has made express and implied representations that the public is requested, expected, or intended to enter or remain on the Property.

58. Specifically, Plaintiff entered the Property to have her vehicle maintenance completed at the Wal-Mart Automotive Service center, part of the Wal-Mart Supercenter #3533 located on the Property, at the time of injury.

59. Upon information and belief, Defendant WAL-MART Transportation was responsible for the presence of any dangerous conditions on the Property at the time of Plaintiff's injuries.

**H. <u>ALFF Construction LLC (Defendant ALFF)</u>**

60. Upon information and belief, at all relevant times, Defendant ALFF Construction LLC (hereinafter "Defendant ALFF") was a foreign limited liability company, formed in Nebraska, with its principal place of business's street address located at 6860 South 118th Street, Omaha, NE 68137.

61. Upon information and belief, at all relevant times, Defendant ALFF was doing business in Colorado, including the business activities of owning and/or operating, maintaining, managing and/or otherwise overseeing the conditions of the Wal-Mart Supercenter #3533, located on the Property.

62. Upon information and belief Defendant ALFF was an entity which was registered with the Colorado Secretary of State and was authorized to do business in Colorado.

63. Defendant ALFF's registered agent and for whom service of process may be accepted is Capitol Corporate Services, Inc., 36 South 18th Ave, Suite D, Brighton, CO 80601.

64. Specifically, Plaintiff entered the Property to have her vehicle maintenance completed at the Wal-Mart Automotive Service center, part of the Wal-Mart Supercenter #3533 located on the Property, at the time of injury.

65. Upon information and belief, Defendant ALFF was responsible for the presence of any dangerous conditions on the Property at the time of Plaintiff's injuries.

66. Upon information and belief, at or near the time of the Incident, Defendant ALFF had obligations to Defendants [(1)Wal-Mart REBT, (2) Walmart Inc, (3) WAL-MART, (4) WAL-MART Supercenters, (5) Wal-Mart East, and/or (5) Wal-Mart Transportation] by way of contract(s) or other agreements or understandings to perform property management and maintenance for the Property, including but not limited to snow or ice removal efforts, snow or ice

mitigation efforts, and/or traction enhancements to protect persons on the Property against slick surfaces from the snow and/or ice.

### G. Subject Tort

67. Upon information and belief, one or more of the Defendants committed a tort arising out of their ownership of, performance of operations, management, service, repair, cleaning, control, or other activities at or on the Property in Denver County, Colorado, forming the basis for this case.

## II. JURISDICTION AND VENUE

68. Jurisdiction is proper pursuant to Article 6 § 9 of the Colorado State Constitution.

69. Pursuant to C.R.C.P. 98, venue is proper in Arapahoe County because:

a. Pursuant to C.R.C.P. 98(c)(5), venue is proper because this is where one or more of the Defendants committed the tort giving rise to this case.

## III. GENERAL AND FACTUAL ALLEGATIONS

70. Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

71. This case arises out of a slip-and-fall incident that occurred at the Property on or about January 20, 2023, at approximately 9:10 am ("the time of the Incident").

72. At all relevant times, Defendants were owners of, performed operations, management, service, repair, cleaning, control, or other activities at or on the Property

73. Defendants maintained the property as a large-scale retail store open to the public.

74. Upon information and belief, Plaintiff had an appointment to have maintenance completed on her vehicle at the time of the Incident, and was appearing at the Property for this appointment.

75. As Plaintiff was walking to the entrance of the Wal-Mart Automotive Service center, part of the Wal-Mart Supercenter #3533 located on the Property for her appointment, she slipped on ice and fell.

76. Due to the negligence of Defendants, Plaintiff suffered a fracture to her left wrist.

77. Upon information and belief, Plaintiff informed the Supervisor of the automotive service center and was transported via ambulance to Rose Medical Center for emergency evaluation and treatment.

78. Upon information and belief, Defendants, knew or should have known that Defendants' request and/or the request of another person with permission of Defendants, to Plaintiff, to have Plaintiff appear at an automotive service appointment, would have the effect of

a person, such as Plaintiff -being required to enter the Property and its walkways, to include the exterior pathways for ingress and egress into the Property.

79. Upon information and belief, the weather at the time of the Incident was below freezing, with temperatures at approximately 14 degrees Fahrenheit at the time of Incident with reported clear skies.

80. Upon information and belief, the slip and fall occurred on the exterior walkways of the Property and weather conditions were factor.

81. Upon information and belief, at or near the time of the Incident, Defendants had not undertaken on the Property's driveway or walkways, either directly and/or indirectly, any snow or ice removal efforts, snow or ice mitigation efforts, and/or traction enhancements to protect persons on the Property against slick surfaces from the snow and/or ice.

82. Upon information and belief, at or near the time of the Incident, Defendant ALFF had obligations to Defendants [(1)Wal-Mart REBT, (2) Walmart Inc, (3) WAL-MART, (4) WAL-MART Supercenters, (5) Wal-Mart East, and/or (5) Wal-Mart Transportation] by way of contract(s) or other agreements or understandings to perform property management and maintenance for the Property, including but not limited to snow or ice removal efforts, snow or ice mitigation efforts, and/or traction enhancements to protect persons on the Property against slick surfaces from the snow and/or ice.

83. Upon information and belief, at or near the time of the Incident Defendants had not undertaken on the Property's hallways or walkways, either directly and/or indirectly, any cleaning or maintenance, spill removal efforts, spill mitigation efforts, and/or traction enhancements to protect against slick surfaces.

84. Upon information and belief, to the extent any snow or ice removal efforts, snow or ice mitigation efforts, and/or traction enhancements were undertaken at or near the time of the Incident on the Property's pathways or walkways by Defendants, these efforts were inadequate and/or performed in a manner that was inconsistent with a reasonable expectation of accomplishing meaningful snow or ice removal efforts, snow or ice mitigation efforts, and/or traction enhancements.

85. Upon information and belief, the Property's walkways were poorly illuminated at the time of the Incident.

86. Upon information and belief, poor lighting diminished Plaintiff's ability to clearly observe conditions on the Property at the time of the Incident.

87. Upon information and belief, at or near the time of the Incident, Defendant ALFF had obligations to Defendants [(1)Wal-Mart REBT, (2) Walmart Inc, (3) WAL-MART, (4) WAL-MART Supercenters, (5) Wal-Mart East, and/or (5) Wal-Mart Transportation] by way of contract(s) or other agreements or understandings to perform property management and

maintenance for the Property, including but not limited to snow or ice removal efforts, snow or ice mitigation efforts, and/or traction enhancements to protect persons on the Property against slick surfaces from the snow and/or ice.

## A. The Incident

88. On or about January 20, 2023, Plaintiff arrived at the Property at approximately 9:10 am and proceeded inside the Property to attend her automotive service appointment.

89. Plaintiff has pulled into the automotive service center and excited the vehicle to take a picture of her automobile prior to dropping the vehicle off with Defendants.

90. As Plaintiff was walking toward the entrance to the subject building, located on the Property, she slipped on ice and fell, fracturing her left wrist.

91. The icy walkway was a dangerous condition and was in an area that it was reasonable to expect persons to walk, such as Plaintiff.

92. Upon information and belief, immediately before and at the time of the incident, Plaintiff had considered the weather conditions and, accordingly, took action to protect himself from any potential danger, including, but not limited to:

a. wearing appropriate footwear;

b. walking carefully and cautiously;

c. observing the surrounding environment for any potential dangers; and

d. minimizing or eliminating distractions.

93. The Incident caused Plaintiff to sustain bodily injuries.

94. Upon information and belief, shortly after the Incident, Plaintiff was retrieved from the Property by ambulance and received additional medical attention at the emergency room soon after that time.

95. Upon information and belief, Plaintiff developed other injuries, conditions, symptoms due to the incident.

96. Upon information and belief, Plaintiff subsequently sought and obtained other treatment from various health care providers for her incident-related injuries, conditions, and symptoms.

97. Plaintiff was not comparatively negligent in contributing to or causing either the incident or her injuries, damages, and losses.

98. At all relevant times, Plaintiff mitigated her injuries, damages, and losses.

## CLAIMS FOR RELIEF

### IV. FIRST CLAIM FOR RELIEF
### Colorado Premises Liability Act [C.R.S. §13-21-115(3)(c)]: Liability to Invitee *(Against ALL Defendants)*

99. Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

100. At the time of the incident, Defendants qualified as a "landowner" of the Property, within the meaning of C.R.S. §13-21-115, because:

a. each was an authorized agent or a person in possession of the property; and/or

b. each was a person legally responsible:

i. for the condition of the property; and/or

ii. for the activities conducted or circumstances existing on the property.

101. At the time of the incident, Plaintiff was appearing for an automotive maintenance appointment, arranged by Defendants.

102. Plaintiff was at the time of the Incident on the Property engaging in business with Defendants (1)Wal-Mart REBT, (2) Walmart Inc, (3) WAL-MART, (4) WAL-MART Supercenters, (5) Wal-Mart East, and/or (5) Wal-Mart Transportation, and/or Defendants expressly and/or impliedly represented to Plaintiff, that Plaintiff was requested, expected, or intended to enter onto or remain on the Property.

103. As a result, at the time of the incident, Plaintiff was an "invitee" on the Property, within the meaning of C.R.S. §13-21-115(3)(c), (5)(a).

104. Upon information and belief, Defendant ALFF had obligations to Defendants (1)Wal-Mart REBT, (2) Walmart Inc, (3) WAL-MART, (4) WAL-MART Supercenters, (5) Wal-Mart East, and/or (5) Wal-Mart Transportation by way of contract(s) or other agreements or understandings to perform snow or ice removal efforts, snow or ice mitigation efforts, and/or traction enhancements to protect persons on the Property against slick surfaces from the snow and/or ice.

105. The aforementioned legal obligations owed to Defendants (1) Wal-Mart REBT, (2) Walmart Inc, (3) WAL-MART, (4) WAL-MART Supercenters, (5) Wal-Mart East, and/or (5) Wal-Mart Transportation had the effect of imparting legal obligations and/or responsibilities for the condition of the Property at the time of the Incident.

106. Upon information and belief, Defendant ALFF owed legal duties to Plaintiff due to its relationship to perform snow or ice removal efforts, snow or ice mitigation efforts, and/or

traction enhancements to protect persons on the Property against slick surfaces from the snow and/or ice, for Defendants (1) Wal-Mart REBT, (2) Walmart Inc, (3) WAL-MART, (4) WAL-MART Supercenters, (5) Wal-Mart East, and/or (5) Wal-Mart Transportation.

107. Because Plaintiff was an "invitee," Defendants owed Plaintiff a duty to use reasonable care to protect her against any dangers on the Property.

108. At the time of the incident, the Property contained dangerous conditions: namely, unmitigated snow and/or ice on walkways of the Property, as well as poor lighting.

109. This dangerous condition caused Plaintiff to slip and, as a result, sustain injuries, damages, and losses, including, but not limited to: bodily injuries; permanent physical impairment; disfigurement; economic damages, including, but not limited to: past and future medical expenses (including medical bills, medical mileage, and out-of-pocket expenses) and past and future wage loss (including lost wages, lost earning capacity, and loss of time); and non-economic damages (including mental anguish, pain and suffering, loss of enjoyment of life, and inconvenience).

110. Defendants actually knew about this dangerous condition; alternatively, as a person using reasonable care, Defendants should have known about this dangerous condition.

111. Defendants failed to use reasonable care to protect Plaintiff from injuries, damages, and losses resulting from this dangerous condition.

112. The failure of Defendants to do so was a cause of Plaintiff's injuries, damages, and losses.

## V. <u>SECOND CLAIM FOR RELIEF:</u>
## Colorado Premises Liability Act [C.R.S. §13-21-115(3)(c)]:
## Liability to <u>Licensee</u> (Against <u>ALL</u> Defendants)
## *[IN THE <u>ALTERNATIVE</u> to Plaintiff's <u>First</u> Claim for Relief]*

113. Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

114. At the time of the incident, Defendants qualified as a "landowner" of the Property, within the meaning of C.R.S. §13-21-115, because:

c. each was an authorized agent or a person in possession of the property; and/or

d. each was a person legally responsible:

iii. for the condition of the property; and/or

iv. for the activities conducted or circumstances existing on the property.

115. At the time of the incident, Plaintiff was Plaintiff was appearing for automotive maintenance appointment, arranged by Defendants.

116. By way of the automotive maintenance appointment, Plaintiff was at the time of the Incident on the Property engaging in business with Defendants (1) Wal-Mart REBT, (2) Walmart Inc, (3) WAL-MART, (4) WAL-MART Supercenters, (5) Wal-Mart East, and/or (5) Wal-Mart Transportation, and/or Defendants expressly and/or impliedly represented to Plaintiff, that Plaintiff was requested, expected, or intended to enter onto or remain on the Property.

117. As a result, at the time of the incident, Plaintiff was a "licensee" on the Property, within the meaning of C.R.S. §13-21-115(3)(b), (5)(b).

118. Upon information and belief, Defendant ALFF had obligations to Defendants (1) Wal-Mart REBT, (2) Walmart Inc, (3) WAL-MART, (4) WAL-MART Supercenters, (5) Wal-Mart East, and/or (5) Wal-Mart Transportation by way of contract(s) or other agreements or understandings to perform snow or ice removal efforts, snow or ice mitigation efforts, and/or traction enhancements to protect persons on the Property against slick surfaces from the snow and/or ice.

119. The aforementioned legal obligations owed to Defendants (1) Wal-Mart REBT, (2) Walmart Inc, (3) WAL-MART, (4) WAL-MART Supercenters, (5) Wal-Mart East, and/or (5) Wal-Mart Transportation had the effect of imparting legal obligations and/or responsibilities for the conditions of the Property at the time of the Incident.

120. Because Plaintiff was a "licensee," Defendants owed Plaintiff a duty to use reasonable care:

a. with respect to a danger on the property which Defendants created, and about which they actually knew before Plaintiff incurred any injuries, damages, or losses; and

b. to warn about a danger on the property which Defendants did not create, but about which they actually knew, and which was not a danger that ordinarily would be present in a parking lot or ingress and egress walkways of a large-scale commercial retail store, such as Wal-Mart Supercenter #3533, located on the Property.

121. At the time of the incident, the Property contained a dangerous condition: namely, unmitigated snow and/or ice on the walkways of the Property, as well as poor lighting.

122. This dangerous condition caused Plaintiff to slip and, as a result, sustain injuries, damages, and losses, including, but not limited to: bodily injuries; permanent physical impairment; disfigurement; economic damages, including, but not limited to: past and future medical expenses (including medical bills, medical mileage, and out-of-pocket expenses) and past and future wage

loss (including lost wages, lost earning capacity, and loss of time); and non-economic damages (including mental anguish, pain and suffering, loss of enjoyment of life, and inconvenience).

123. Unmitigated snow and/or ice present in a parking lot or ingress and egress walkways of a large-scale commercial retail store, such as Wal-Mart Supercenter #3533, located on the Property, was not a danger that ordinarily would be present because Defendants should have taken appropriate actions to deal with and/or mitigate the unmitigated snow and/or ice, and should have properly performed these actions, including, but not limited to, snow or ice removal efforts, snow or ice mitigation efforts, and/or traction enhancements to protect persons on the Property against slick surfaces from the snow and/or ice, and/or applying signage to warn about the dangerous condition.

124. Defendants:

a. created this dangerous condition [by not taking appropriate actions to remove and/or mitigate the unidentified spill, and/or by not properly performing these actions] and actually knew about it before Plaintiff incurred any injuries, damages, or losses; or

b. did not create this dangerous condition, but actually knew about it, and it was not a danger that ordinarily would be present on one's property, such as the Property [if they had taken appropriate actions to remove and/or mitigate the snow and/or ice and had properly performed these actions].

125. Defendants failed to use reasonable care:

a. with respect to this dangerous condition which Defendants created [as detailed above], and about which they actually knew before Plaintiff incurred any injuries, damages, or losses; and/or

b. to warn about this dangerous condition which Defendants did not create, but about which they actually knew, and which was not a danger that ordinarily would be present in a parking lot or ingress and egress walkways of a large-scale commercial retail store, such as Wal-Mart Supercenter #3533, located on the Property. [as detailed above].

126. The failure of Defendants to do so was a cause of Plaintiff's injuries, damages, and losses.

## VI. THIRD CLAIM FOR RELIEF:
### **Negligence** ***(Against ALL Defendants)***
### ***[IN THE ALTERNATIVE to Plaintiff's First AND Second Claims for Relief]***

127. Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

128. Defendants owed a duty to Plaintiff to exercise reasonable care in maintaining the Property to keep it free of dangerous conditions and/or deal with and/or mitigate any dangerous conditions.

129. At the time of the incident, the Property contained a dangerous condition: namely, unmitigated snow and/or ice in the parking lot or ingress and egress walkways of a large-scale commercial retail store, such as Wal-Mart Supercenter #3533, located on the Property., as well as poor lighting.

130. Defendants breached their duty to Plaintiff by failing to exercise reasonable care in maintaining the Property [namely, by not taking appropriate actions to remove and/or mitigate the snow and/or ice, and/or by not properly performing these actions].

131. Defendants' breach of their duty to Plaintiff caused the incident to occur.

132. Defendants' breach of their duty to Plaintiff, resulting in the incident, caused Plaintiff to sustain injuries, damages, and losses, including, but not limited to: bodily injuries; permanent physical impairment; disfigurement; economic damages, including, but not limited to: past and future medical expenses (including medical bills, medical mileage, and out-of-pocket expenses) and past and future wage loss (including lost wages, lost earning capacity, and loss of time); and non-economic damages (including mental anguish, pain and suffering, loss of enjoyment of life, and inconvenience).

## VII. <u>REQUEST FOR RELIEF</u>

**WHEREFORE,** Plaintiff, Deborah Katz, requests that judgment be entered in her favor and against the Defendants [(1) Wal-Mart REBT, (2) Walmart Inc, (3) WAL-MART, (4) WAL-MART Supercenters, (5) Wal-Mart East, (5) Wal-Mart Transportation, and (6) ALFF (collectively, **"Defendants")],** in an amount, to be determined at trial, to fairly compensate Plaintiff for her injuries, damages, and losses, including, but not limited to:

- physical bodily injuries;
- permanent physical impairment;
- economic damages, including, but not limited to: past and future medical expenses (including medical bills, medical mileage, and out-of-pocket expenses) and past and future wage loss (including lost wages, lost earning capacity, and loss of time);
- non-economic damages (including mental anguish, pain and suffering, loss of enjoyment of life, and inconvenience);
- interest (including post-incident, pre-filing, and post-filing interest) per statute and as otherwise permitted under Colorado law;
- costs (including, but not limited to, court costs and expert witness fees);

- reasonable attorney's fees per statute and as otherwise permitted under Colorado law; and
- such other and further relief as the Court deems just and proper.

Dated: July 24, 2024.

Respectfully submitted,

LAW OFFICES OF DIANNE SAWAYA, LLC

*s/ Jimoh Yussuf*
Nathan T. Mattison, Esq.
Jimoh Yussuf, Esq.
*Attorneys for Plaintiff*

Plaintiff's address:
c/o Law Offices of Dianne Sawaya, LLC
4500 Cherry Creek Drive South, Suite 1030
Denver, CO 8024